2019 IL App (2d) 180466
Nos. 2-18-0466 & 2-18-0525 cons.
Opinion filed April 18, 2019

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| DENISE MANDIGO; JOHN E. MANDIGO; BLUFF LAKE VENTURE LLC; SPRING LAKE MARINA, LIMITED; JACK NOONAN, Trustee; KAREN NOONAN TRLPJ REAL ESTATE, LLC; LAKE HOMES LLC; CHICAGO TITLE LAND TRUST COMPANY; EDWARD E. JANDREY, Trustee; MARY L. JANDRY, Trustee; MARK FRIEL; DEBBIE FRIEL; RICK GARNETT; BETH GARNETT; TAUKE PROPERTIES INC.; TAUKE VENTURES LLC; SAMUEL CHEBERENCHICK; SUZANNE CHEBERENCHICK; RICHARD WOHN; DEBRA A. CAMPBELL; GEORGE FORERO; NANCY VALANGEON; MARK GIAIMO; ANTOINETTE GIAIMO; JAMES STEWART; DONNA STEWART; KATHLEEN S. STEWART; GEORGE L. STEWART JR., Trustee; JOSEPH B. WEBER; LEA P. WEBER; GREGORY S. SIMONINI; TRACY H. SIMONINI; DAVID W. MERRILL; ANGELA RAE MERRILL; ANGELINE M. WALTHER, Trustee; AMBER M. GORE; ROGER J. GORE; KRISTINE GORE; MARK B. GILDAY; GEORGE T. SCHUR; CRYSTAL A. SCHUR; LORI HEYWOOD; VINCENT J. HEYWOOD; TIMOTHY D. GWINN; ROBIN W. GWINN; ROBERT HIETIKKO; CHERYL L. HIETIKKO; KENNETH D. HENSEL; BARBARA A. HENSEL; ROBERT KRAUS; BARBARA KRAUS; JERRY E. DRUE; RICHARD VANDERWERKER; PATRICIA VANDERWERKER; JOHN L. SCHULTZ; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from the Circuit Court of Lake County. |

DIANE SCHULTZ; CORRINE C. PARKER; )
KENNETH S. PARKER; SANDRA L. )
GIORGI; RANDOLPH B. GIORGI; ARUN )
SHARMA; ATULA SHARMA; DENNIS )
LOE; THERESE LOE; LINDA L. KADER, )
Trustee; LEWIS McGUIRE; GEORGIAN )
N. McGUIRE; MARIA SMOODY; LINDA )
LARSON; LEE KRATOCHVIL; JOSEPH )
HOLOUBEK; CECELIA HOLOUBEK; )
HEATHER HOLOUBEK; RUSSEL A. )
PAGE; DIANE L. PAGE; DIANE M. )
O'LEARY; SCOTT HANSEN; LORI )
HANSEN; CRAIG HEJNY; DENISE )
HEJNY; PAUL HEJNY; KIMBERLY GAIL )
BYE, Trustee; MICHAEL WYATT; )
ROBERT A. NORTEN; JOHN W. )
KAUFMAN; NANCY C. BUTLER; PAMELA )
A. WORKLANN; EDWARD AMBACHER; )
MARYTHERESE AMBACHER; WILLIAM )
A. ANDERSON; RICH ANDREWS; )
CAROL ANDREWS; THOMAS ANDREWS; )
ROSEMARY ANDREWS; JEFF BARYL; )
GINO BATTISTONI; KAREN BATTISTONI; )
RUDOLPH S. BENACKA; NANCY L. )
BENACKA; GARY W. BENNING; DENNIS )
J. BERGL; CRAIG BIEGANOWSKI; )
WILLIAM H. BLOWERS; TOMA LEE )
BLOWERS; MARTIN BODNAR; ALONZO )
BOULANGER; DEBRA BOULANGER; )
FREDERICK BRENDEL; SHARON )
BRENDEL; RICHARD A. BRENNER; )
JENNY A. BRENNER; JOEL BURNS; )
R. BRENNER; C. BUSCEMI; LAWRENCE )
H. BURKE; SANDRA L. BURKE; TAMMY )
BUROW; ANDREW G. BUTTERBRODT; )
CHRISTOPHER M. CALABRIA; MARY )
ANNE CALABRIA; CHARLES E. )
CANNING; ROBERTO G. CECCHINI; )
THOMAS CHAMBERLAIN; MICHAEL )
CHIMELA; GINA CHIMELA; NICK J. )
CHIUSOLO; CHRISTOPHER E. CLAUSEN; )
SUSAN M. CLAUSEN; DENNIS COOMES; )
ROBERT COTE; J. CROMWELL; A. )
GEIBEL; THOMAS K. DAVIS; DEBORAH L.)
DAVIS; EDWARD J. DEMBSKI; ROBERT )

DOMAS; ROBERTA DOMAS; BRUCE W.        )
DONNELLY, Trustee; JENNIFER           )
B. DONNELLY, Trustee; VALENTIN        )
DOROSAN; MIRELA DOROSAN; BRIAN        )
D. EAMES; NORMAN ERICKSEN; LINDA      )
ERICKSEN; SUZANNE K. ERICKSEN;        )
BENJAMIN FALCONE, Trustee;            )
PHYLLIS A. FAY; FRANK J. FLAVIN;      )
PAULETT S. FLAVIN; TERRY G.           )
FORSYTHE; SHERRY L. FORSYTHE;         )
THEODORE T. FRYDRYCHOWIC;             )
PATRICIA A. FRYDRYCHOWIC;             )
MILLIARD P. FRAZIER; ELIZABETH K.     )
FRAZIER; CLAYTON FRITA; JAMES R.      )
GAWALL, Trustee; BRETT G. GLADISH;    )
DEBRA A. GLADISH; DONALD GUNTHER;)
MARY ANN GUNTHER; GUST. A.            )
MUSTAFSON; SUSAN M. GUSTAFSON;        )
GEOFFREY GUTTSCHOW; ANNE              )
GUTTSCHOW; TIMOTHY HAISLET; LISA      )
LOWETH; MICHAEL J. HARMON;            )
KAREN L. TEWELL-HARMON;               )
BARBARA G. HAYSKAR; MICHAEL           )
HOLMES; SUNG HONG; SOON               )
HONG; DAVID C. JEFFERIES; RONALD G.  )
JENCZEWSKI; DELORES JENDRYCKI;        )
FRANCIS J. JIRMACEK; HELEN            )
JIRMACEK; WILLIAM JOHNSON; LINDA      )
JOHNSON; ROBYN EICHER KARNES;         )
JEFF KARNES; MR. C. KELLEY; MRS. C.   )
KELLEY; SUSAN A. KELLEY; TIMOTHY      )
S. KNUTSON; THOMAS J. KOLK; SUSAN     )
M. KOLK; DAVID W. KOSNER;             )
LAVONNE L. KOSNER; WILLIAM R.         )
KOZIEL; DOROTHY KRAUSE; CATHY         )
VAN ALSTIN; SZYMON KURZYNOWSKI;       )
MARY L. LAMPING; JOHN A. LARSEN;      )
CRYSTAL L. LARSEN; JAMES E. LASS;     )
JAMES M. LAURINO; LINDA LAURINO;      )
DIANE LAWRENCE; KATHERINE A.          )
LOOMIS, Trustee; TRAVIS A. LUTZE;     )
JOHN S. MACKO; NICHOLAS MAPSON;       )
JACQUELINE M. MAPSON; STANLEY A.      )
MARCH; ELIZABETH M. MARCH; MARIO )
MASELLI; MARISA MASELLI; STANLEY      )

2019 IL App (2d) 180466

E. MASTALERZ; GERARD A. McHUGH;          )
SUSAN F. McHUGH; JOSEPH P.               )
McKEOWN; DONNA L. McKEOWN;               )
JOHN MIROBALLI; BARBARA                  )
MIROBALLI; JOSEPH MITCHELL; LOUISE )
MITCHELL; JAMES MORRISON; TAMMY   )
MORRISON; CHRISTINA MURAR;               )
DONALD A. MUSCOLINO; PHYLLIS A.          )
MUSCOLINO; FRANCIS W. NASH;              )
CATHERINE C. NASH; ANDREW D.             )
OBECNY; SUSAN M. OBECNY;                 )
CHRISTOPHER PACELLI; PATRICIA            )
PACELLI; MICHAEL PAWLUK; KAREN           )
PAWLUCK; DONNA PELUSO; RYAN W.           )
PENDERGAST; MARGARET E.                  )
PENDERGAST; JOSEPH S. PINO; LYNN R.  )
PINO; THOMAS J. PROST; DIANE L.          )
PROST; FRANK QUIRK; RAYMOND              )
RATAJCZAK; MICHAEL RAY; PENNY            )
JEAN PETERSON; LAWRENCE C.               )
REPLOGLE, Trustee; NANCY K.              )
REPLOGLE, Trustee; THERESA L.            )
RESETAR; KATHY L. RIEB; NICK             )
ROSSODIVITO; FLORENCE                    )
ROSSODIVITO; RUSSELL BUILDING            )
CORPORATION; KAREN LYNN SACHS;           )
CHARLES J. SACHS III; WILLIAM            )
SCHROEDER; DAVID R. SHAFFER; GINA   )
K. MEYER SHAFFER; STEPHEN G. SHAW; )
JILL BALL SHAW; RYAN G. SHEA;            )
RANDOLPH E. SIMALE; JANELLE              )
SIMALE; ROBERT SIMONE; DEBRA             )
SIMONE; MARY ANN SJOERDSMA;              )
GARY P. SLAZES, Trustee; J. THOMAS       )
SPOONER; SHERYL SPOONER; ROBERT     )
SPRAN; BETTY SPROVIERI; LISA M.          )
SWIDEREK; SZACHNITOWSKI JOINT            )
TRUST; MARY ANN THOMPSON; DENNIS )
THOMPSON; CURTIS W. TORTORELLA;     )
JILL G. TORTORELLA; STEPHEN URSINO; )
R. WALKER; R. MEHNERT; CHARLES J.        )
WILBERG; KAREN D. WILBERG; TODD     )
D. WILLIAM JR.; SALLY B. TODD;           )
ANDREW F. WILLIAMS; LORI J.              )
WILLIAMS; LARRY D. WILLIAMS; ANN    )

2019 IL App (2d) 180466

M. WILLIAMS; BERNARD WINKLER;            )
MARIA WINKLER; JERRY WINSLOW;           )
DIANE DONALDSON; THOMAS F.              )
ZAWADA; JOSEPH ZEIEN, Trustee;          )
PATRICIA J. ZEIN, Trustee; ROLF D.      )
ZIEMANN; EILEEN T. ZIEMANN;             )
DOROTHY L. ZIKA; ROBERT ZUIKER;         )
PATRICIA ZUIKER; EDDIE OKRZESIK;        )
RAMONA OKRZESIK; TOM KANAS;             )
TOM A. KANAS; WILLIAM A. WHITE;         )
RICHARD J. DOWD; STEPHEN M.             )
VRABIK; JOANN VRABIK; WOJCIECH          )
MACIOLEK; CRIGHTON RENTALS;             )
BLUFF LAKE LODGES INC.; and DIANE       )
STALMARK,                               )
                                        )
        Plaintiffs-Appellants,          )
                                        )
v.                                      )   No. 16-TX-7
                                        )
DAVID STOLMAN, in His Official Capacity  )
as Lake County Treasurer and *ex officio* Lake  )
County Collector,                       )
                                        )
        Defendant-Appellee              )
                                        )   Honorable
(Antioch Township  and Antioch Road     )   Jorge L. Ortiz,
District, Intervenors-Appellees).       )   Judge, Presiding.

_____

        JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
        Justices Hutchinson and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1     The plaintiffs, Denise Mandigo and other tax objectors, own real property in Lake

County and are obligated to pay Lake County real estate taxes.  On November 8, 2016, the

plaintiffs filed a tax-objection complaint seeking a refund from Lake County (County) and

several other taxing districts, including Antioch Township (Township) and the Antioch Road

District (Road District). The trial court granted summary judgment in favor of the taxing districts. The plaintiffs appeal from those orders. We affirm.

¶ 2                                        BACKGROUND

¶ 3      At issue in this appeal are certain sections of the Property Tax Code (Tax Code) (35 ILCS 200/1-1 *et seq.* (West 2016)). Sections 18-55 through 18-100 of the Tax Code (*id.* §§ 18-55 to 18-100) are known as the Truth in Taxation Law. Section 18-56 provides:

> "The purpose of this Law is to require taxing districts to disclose by publication and to hold a public hearing on their intention to adopt an aggregate levy in amounts more than 105% of the amount of property taxes extended or estimated to be extended *** upon the final aggregate levy of the preceding year." *Id.* § 18-56.

Section 18-60 provides:

> "Not less than 20 days prior to the adoption of its aggregate levy *** the corporate authority of each taxing district shall determine the amounts of money *** estimated to be necessary to be raised by taxation for that year upon the taxable property in its district." *Id.* § 18-60.

Section 18-65 provides:

> "Until it has complied with the notice and hearing provisions of this Article, no taxing district shall levy an amount of *ad valorem* tax which is more than 105% of the amount *** upon the final aggregate levy of the preceding year." *Id.* § 18-65.

Finally, section 18-70 provides:

> "If the estimate of the corporate authority made as provided in Section 18-60 is more than 105% of the amount extended or estimated to be extended *** upon the final aggregate levy of the preceding year *** the corporate authority shall give public notice of and hold a public hearing on its intent to adopt an aggregate levy in an amount which is more than

105% of the amount extended or estimated to be extended upon the final aggregate levy extensions *** for the preceding year." *Id.* § 18-70.

¶ 4    The plaintiffs' tax-objection complaint sought refunds of allegedly unlawful portions of their 2016 real estate taxes pursuant to section 23-10 of the Tax Code (*id.* § 23-10). The only named defendant was David Stolman,[1] as the Lake County Treasurer and *ex-officio* Lake County Collector. However, the plaintiffs stated claims against multiple taxing districts. Count I, against Grass Lake School District No. 36, was based on the excess accumulation of public funds. In the remaining counts, against the County (count II), the Township (count III), the Road District (count IV), and Community High School District No. 117 (count V), the plaintiffs alleged that the taxing districts' tax levies for 2016 were invalid due to a failure to comply with section 18-60 of the Truth in Taxation Law (*id.* § 18-60). Specifically, the plaintiffs alleged that the taxing districts had not estimated, at least 20 days prior to adopting their aggregate levies, the amount of taxes to be levied. See *id.* Grass Lake School District No. 36, Community High School District No. 117, the Township, and the Road District filed petitions to intervene, which the trial court granted. A settlement agreement was reached with Grass Lake School District No. 36. Separately, the cause of action against Community High School District No. 117 was dismissed with prejudice. The present appeal relates to counts II, III, and IV.

¶ 5    On March 22, 2018, the County filed a motion for summary judgment pursuant to section 2-1005(b) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1005(b) (West 2016)). The County alleged that on October 9, 2015, Gary Gordon, the County's director of finance,

---

[1] While this appeal was pending, Holly Kim was elected to replace Stolman as the Lake County Treasurer and *ex officio* Lake County Collector. On this court's own motion, Kim will be substituted for Stolman as the party in this case.

presented the County administrator's 2016 budget estimate to the Lake County Board (County Board) at the public Committee of the Whole meeting. This allegation was supported by Gordon's affidavit. The 2016 budget estimate was over 300 pages and was publicly available on the County's website since October 9, 2015. The County Board approved the budget, including the aggregate levy, and passed an ordinance adopting it on November 18, 2015. The County argued that the foregoing procedure satisfied section 18-60 of the Truth in Taxation Law. Further, the County argued that the Truth in Taxation Law required notice and a public hearing only when the proposed levy exceeded 105% of the prior year's levy. Finally, the County relied on section 21-185 of the Tax Code (35 ILCS 200/21-185 (West 2016)) for the proposition that any error in levying or collecting taxes can be cured and that a cause of action exists only when the error affects the substantial justice of the tax itself. The County argued that the plaintiffs had not alleged that the tax itself was unjust.

¶ 6     On March 26, 2018, the plaintiffs filed a cross-motion for summary judgment. The plaintiffs argued that section 18-60 clearly mandated that the County determine the amount of taxes to be levied at least 20 days prior to adopting the aggregate levy. They further argued that section 18-60 is a stand-alone provision that has nothing to do with section 18-70's requirements for notice and a hearing. Additionally, they asserted that compliance with section 18-60 must be recorded in a document that is publicly available.

¶ 7     On June 5, 2018, following a hearing, the trial court granted the County's motion for summary judgment on count II and denied the plaintiffs' cross-motion for summary judgment. The trial court held that the Truth in Taxation Law was inapplicable because the County's levy did not exceed 105% of the prior year's levy and thus the County was not required to comply with section 18-60. Alternatively, the trial court noted that, even if the Truth in Taxation Law applied, the plaintiffs failed to allege that the levy was unjust. The trial court noted that any error

or informality in assessing the levy would not invalidate the levy where the tax itself was substantially just. The trial court also noted that there was a presumption that taxes assessed complied with the law and were substantially just. The trial court found that the plaintiffs had not overcome this presumption. The plaintiffs filed a notice of appeal from this order, which was docketed in this court as case No. 2-18-0466.

¶ 8 On March 26, 2018, the plaintiffs also filed a motion for summary judgment against the Township and the Road District (the Antioch intervenors). The plaintiffs argued that the Antioch intervenors had not filed an appearance or any pleadings in the case and had failed to comply with section 18-60 of the Truth in Taxation Law.

¶ 9 On June 4, 2018, the Antioch intervenors filed a response to the plaintiffs' motion for summary judgment. They noted that at an October 8, 2015, meeting of the Antioch Township Board of Trustees (Board), the Township's supervisor stated that the Board would be adopting the aggregate levy for the Township at the December meeting and that the Township intended to freeze the levy. The Board subsequently adopted the levy at the December 10, 2015, meeting. The levy was a flat levy and thus did not exceed 105% of the Township's levy for the preceding year. Further, at a November 12, 2015, meeting, the highway commissioner for the Road District stated that the levy increase for the Road District would be $1. The Board adopted the Road District's levy at the December 2015 meeting. This levy likewise did not exceed 105% of the Road District's levy for the preceding year. The foregoing was supported by an affidavit from the Township's clerk, who was also the *ex officio* clerk of the Road District.

¶ 10 Further, the Antioch intervenors argued that the purpose of section 18-60 of the Truth in Taxation Law is to ensure that a taxing body complies with section 18-70 of the Truth in Taxation Law, which requires notice and a public hearing before the adoption of a tax levy that exceeds 105% of the previous year's levy. They argued that, since their aggregate levies did not

exceed 105% of the previous year's levies, they were not required to give notice or hold a public hearing. In any event, the Antioch intervenors argued that they complied with section 18-60. The Township's supervisor had stated at the October 2015 meeting that the Board would be adopting a flat levy at the December meeting. Further, at the November meeting, the highway commissioner for the Road District stated that he was planning to increase the levy for the Road District by $1. Thus, as required by section 18-60, the Antioch intervenors had determined, at least 20 days prior to adopting their aggregate levies at the December meeting, the amounts of taxes to be levied. Finally, the Antioch intervenors argued that section 18-60 did not require recording compliance in a document such as a resolution or an ordinance. Rather, section 18-60 required a determination and nothing more.

¶ 11    On June 14, 2018, the Antioch intervenors filed a cross-motion for summary judgment. They raised the same arguments they raised in their response to the plaintiffs' motion for summary judgment.

¶ 12    On June 28, 2018, following a hearing, the trial court granted the Antioch intervenors' cross-motion for summary judgment on counts III and IV and denied the plaintiffs' motion for summary judgment. The trial court found that the Truth in Taxation Law applied only when a taxing body considered a levy that exceeded 105% of the prior year's levy. The trial court noted that the Antioch intervenors' levies did not exceed that threshold and, therefore, the intervenors were not required to comply with the Truth in Taxation Law. The plaintiffs filed a notice of appeal from this order, which was docketed as case No. 2-18-0525. The plaintiffs subsequently filed, and this court granted, a motion to consolidate the plaintiffs' appeals.

¶ 13                                ANALYSIS

¶ 14    On appeal, the plaintiffs argue that the trial court erred in granting summary judgment in favor of the County and the Antioch intervenors. The plaintiffs insist that, under section 18-60

of the Truth in Taxation Law, a taxing body must determine, at least 20 days prior to adopting any tax levy, the amount of taxes to be levied and must record this determination in a document. The plaintiffs further argue that, once this document is created, the Open Meetings Act (5 ILCS 120/1 *et seq.* (West 2016)) and the Freedom of Information Act (5 ILCS 140/1 *et seq.* (West 2016)) require that the document be made available to the public. The plaintiffs argue that section 18-60 contains the first step under the Truth in Taxation Law, which is required regardless of whether the adopted levy is greater than 105% of the prior year's levy. Finally, the plaintiffs argue that the failure to comply with section 18-60 is a substantive error that cannot be cured.

¶ 15   Summary judgment is proper when the pleadings, depositions, and affidavits on file demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Kleinschmidt, Inc. v. County of Cook*, 287 Ill. App. 3d 312, 315-16 (1997). The purpose of summary judgment is not to try a question of fact but to determine whether any genuine issue of fact exists to be tried. *Thompson v. Gordon*, 241 Ill. 2d 428, 438 (2011). In determining this, the court must construe the pleadings, depositions, and affidavits strictly against the movant and liberally in favor of the opponent. *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008). "Summary judgment is a drastic remedy and should be allowed only when the right of the moving party is clear and free from doubt." *Jones v. Chicago HMO Ltd.*, 191 Ill. 2d 278, 291 (2000). We review *de novo* a trial court's ruling granting or denying a motion for summary judgment. *Pace Communications Services Corp. v. Express Products, Inc.*, 2014 IL App (2d) 131058, ¶ 15.

¶ 16   The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). To determine the legislature's intent, a court first looks to the statute's language, which is to be given its plain and ordinary

meaning. *Harrisonville Telephone Co. v. Illinois Commerce Comm'n*, 212 Ill. 2d 237, 247 (2004). The statute must be read as a whole and construed so that no term is rendered superfluous or meaningless. *JPMorgan Chase Bank, N.A. v. Earth Foods, Inc.*, 238 Ill. 2d 455, 461 (2010). We will not depart from the plain language of a statute by reading into it exceptions, limitations, or conditions that the legislature did not express. *Id.* When the language of the statute is clear, it must be applied as written without resort to aids or tools of interpretation. *DeLuna*, 223 Ill. 2d at 59. The construction of a statute is a question of law, which we review *de novo*. *Id.*

¶ 17    In the present case, the plaintiffs do not dispute that neither the County nor the Antioch intervenors adopted an aggregate levy that exceeded 105% of the previous year's levy. The plaintiffs argue that, nonetheless, the taxing districts were required to comply with section 18-60 of the Truth in Taxation Law. We disagree with the plaintiffs' interpretation of section 18-60. The legislature clearly expressed that the purpose of the Truth in Taxation Law is to require notice and a public hearing if an estimated aggregate levy exceeds 105% of the previous year's levy. 35 ILCS 200/18-56 (West 2016). As it is undisputed that the levies at issue did not exceed the 105% threshold, the Truth in Taxation Law does not apply to the facts in this case.

¶ 18    We acknowledge that an aggregate levy must be estimated to determine whether the Truth in Taxation Law is applicable. However, while section 18-60 requires a determination of the estimated amount of taxes to be levied, it does not require that a document be made publicly available. By arguing that section 18-60 requires such documentation, the plaintiffs are adding a condition to the statute that the legislature did not express. This is improper. *JPMorgan Chase Bank*, 238 Ill. 2d at 461. If the legislature wanted section 18-60 to require documentation and publication, it could have easily added language setting forth such requirements, as in section 18-

70. See 35 ILCS 200/18-70 (West 2016) (requiring notice and a public hearing for tax levies increased by more than 5%).

¶ 19    While we find the plain language of section 18-60 unambiguous and we need not resort to extrinsic aids to interpret the statute, we note nonetheless that the legislative history supports our determination.  The Truth in Taxation Law is derived from Public Act 82-102 (Pub. Act 82-102 (eff. July 29, 1981).  On June 26, 1981, during Senate debate on the Truth in Taxation Law, Senator Dawn Clark Netsch stated:

>   "We have made [the Truth in Taxation Law] applicable only when the tax increase of one year is effectively five percent over the tax increase of the prior year ***."  82nd Ill. Gen. Assem., Senate Proceedings, June 26, 1981, at 135 (statements of Senator Netsch).

Senator Kenneth McMillan stated:

>   "And we've compromised considerably to the point where we're only asking for the publication and the hearing if it's in excess of five percent."  82nd Ill. Gen. Assem., Senate Proceedings, June 26, 1981, at 136 (statements of Senator McMillan).

Further, during proceedings in the House, Representative Thomas Ewing stated:

>   "First of all, the Truth in Taxation would not come into effect unless the local taxing body was raising their levy by 105%.  So if you only had a one percent increase you wouldn't have to comply with the publication, the public hearing regulations."  82nd Ill. Gen. Assem., House Proceedings, June 29, 1981, at 109 (statements of Representative Ewing).

The foregoing legislative history demonstrates that the Truth in Taxation Law does not apply unless the tax levy at issue is more than 5% greater than the previous year's levy.  The plaintiffs have failed to establish that the County and the Antioch intervenors failed to comply with any applicable requirements of the Truth in Taxation Law or that there was any basis to find the

levies at issue invalid.  Accordingly, we affirm the trial court's summary judgment in favor of the County and the Antioch intervenors.  Based on our ruling, the plaintiffs' arguments related to the Open Meetings Act, the Freedom of Information Act, and the failure to comply with section 18-60 as being substantive error necessarily fail.

¶ 20    The plaintiffs rely on *Board of Education of Township High School District No. 211 v. Kusper*, 92 Ill. 2d 333 (1982), to support their assertion that section 18-60 requires a stand-alone determination that must be made public.  At issue in *Kusper* was the meaning of "aggregate levy" as used in the Truth in Taxation Law and whether that term included money levied for debt-service purposes, namely, the amount that had been levied for the purpose of paying principal and interest on bonded indebtedness.  *Id.* at 335.  Our supreme court held that the term "aggregate levy" did not include the debt-service levy.  *Id.*  In so ruling, the court stated that "the inclusion of debt-service levies in the computation would not present to the taxpayers an accurate picture of whether expenditures are being excessively increased."  *Id.* at 341.

¶ 21    The plaintiffs rely on this quote in arguing that section 18-60 requires documentation that is publicly available regardless of whether the estimated tax levy exceeds 105% of the previous year's levy.  The plaintiffs' reliance on *Kusper* is unpersuasive.  The above quote simply explains that, because debt service can change from year to year (depending on when the bonds mature), including money for debt service in the aggregate tax levy would make it difficult for an average taxpayer to determine whether expenditures were being excessively increased.  *Kusper* did reinforce that the purpose of the Truth in Taxation Law is to keep taxpayers informed when a taxing district plans to excessively increase annual expenditures.  Nonetheless, *Kusper* does not support the plaintiffs' proposition that section 18-60 is a stand-alone provision that requires publicly available documentation of the estimated tax levy.  Nor does *Kusper* overcome the plain

language of section 18-70, which requires notice and a public hearing only when the estimated tax levy exceeds 105% of the previous year's levy.

¶ 22    The County and the Antioch intervenors argue that this appeal is frivolous and warrants monetary sanctions pursuant to Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994). Rule 375(b) allows us to impose an appropriate sanction upon a party or a party's attorney if an appeal is frivolous or not taken in good faith. *Id.* An appeal will be deemed frivolous if a reasonable, prudent attorney would not in good faith have brought such an appeal. *Kennedy v. Miller*, 197 Ill. App. 3d 785, 791 (1990). Imposition of sanctions under Rule 375(b) is left strictly to our discretion. *Fields v. Lake Hillcrest Corp.*, 335 Ill. App. 3d 457, 466 (2002).

¶ 23    In arguing for the imposition of sanctions, the County cites *WKS Crystal Lake, LLC v. LeFew*, 2015 IL App (2d) 150544. In that case, the plaintiffs' attorney, who is the same attorney representing the plaintiffs in this case, misquoted a statute in arguing that a certain tax-levy ordinance was invalid. *Id.* ¶ 22. This court noted that such conduct would not be tolerated. *Id.* In the present case, we agree with the County and the Antioch intervenors that this appeal has no merit. At the same time, we recognize that this case raises an issue of statutory interpretation and that there is little case law specifically addressing section 18-60 of the Truth in Taxation Law. As such, in the exercise of our broad discretion, we decline to impose sanctions under Rule 375(b). Nonetheless, we admonish the plaintiffs' attorney that in any future appeals we will view motions for sanctions in light of his history of filing appeals that lack substantial merit.

¶ 24                                    CONCLUSION

¶ 25    For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

¶ 26    Affirmed.