2026 IL App (1st) 251189-U

No. 1-25-1189

Order filed June 26, 2026

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| STONEGATE INSURANCE CO., | ) | Appeal from the |
| | ) | Circuit Court of Cook County, |
| Plaintiff-Appellee, | ) | Chancery Division. |
| | ) | |
| v. | ) | No. 2023 CH 01187 |
| | ) | |
| PREMIER PROPERTY TEAM LLC, GEORGIA | ) | Honorable |
| LEWIS, SANDRA DAVIS, and JACOB | ) | Patrick T. Stanton, |
| ISAACSON, Special Representative of Barry | ) | Celia L. Gamrath, |
| Isaacson, Deceased, | ) | Judges, presiding. |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Georgia Lewis and Sandra Davis, | ) | |
| Defendants-Appellants). | ) | |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err in entering judgment on the pleadings and summary judgment in favor of the insurer where the insurer did not receive notice of suit until more than 18 months after judgment.

¶ 2    In this insurance coverage case, defendants Georgia Lewis and Sandra Davis appeal the

circuit court's grant of judgment on the pleadings and summary judgment in favor of plaintiff

Stonegate Insurance Co. The circuit court concluded defendants were not entitled to indemnity as

third-party beneficiaries to a liability insurance policy written by plaintiff. The issue presented is whether the circuit court erred in deciding there was no genuine issue of material fact and plaintiff was entitled to judgment as a matter of law because the plaintiff-insurance company did not receive notice of suit until more than 18 months after judgment. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     The pleadings in this action established that Plaintiff Stonegate Insurance Co. agreed to provide general commercial liability insurance to Premier Property Team LLC. Premier Property entered into a construction contract to renovate the home of defendants Georgia Lewis and Sandra Davis. Premier Property began demolition but abandoned the project. Rain and snow entered the home and rendered it uninhabitable.

¶ 5     Defendants notified plaintiff and maintained the damage to their home was covered under Premier Property's insurance policy. Plaintiff assigned a claim number and sent an adjuster to inspect the home.

¶ 6     Defendants eventually filed an action for damages against Premier Property and its principal, Barry Isaacson, in the circuit court of Cook County. The circuit court entered summary judgment in defendants' favor. The court awarded $885,325.49 in compensatory damages and $100,000 in punitive damages, plus attorney fees and costs.

¶ 7     Although defendants had notified plaintiff of the damage to their home, defendants did not notify plaintiff of their lawsuit against Premier Property until more than 18 months after the judgment—when they sought to recover the damages from plaintiff as third-party beneficiaries to the liability insurance policy that plaintiff issued to Premier Property.

¶ 8    Plaintiff then filed a complaint for declaratory judgment in the circuit court of Cook County. Plaintiff alleged that the damages were not covered under Premier Property's insurance policy and that they did not receive timely notice of suit. The policy obligated plaintiff to defend and indemnify its insured (here, Premier Property) in lawsuits for covered liabilities. However, the policy required the insured to provide notice to plaintiff of any claims or suits:

> "**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
> **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>> (1) How, when and where the "occurrence" or offense took place;
>> (2) The names and addresses of any injured person and witnesses; and
>> (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
> **b.** If a claim is made or "suit" is brought against any insured, you must:
>> (1) Immediately record the specifics of the claim or "suit" and the date received; and
>> (2) Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
> **c.** You and any other involved insured must:
>> (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
>> (2) Authorize us to obtain records and other information;
>> (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
>> (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply." (Emphasis in original.)

Defendants filed counterclaims against plaintiff-insurer. They alleged, among other things, breach of contract as third-party beneficiaries to Premier Property's insurance policy and over $750,000 in damages.

¶ 9    Plaintiff moved for judgment on the pleadings as to defendants' counterclaims. The circuit court granted the motion because the pleadings showed that plaintiff did not receive notice of the lawsuit until more than 18 months after judgment. Later, the circuit court applied the same

reasoning to grant summary judgment on plaintiff's amended complaint concluding plaintiff had no duty to indemnify the Premier Property judgment. This timely appeal followed. Ill. S. Ct. R. 303(a) (eff. July 1, 2017).

¶ 10                                      II. ANALYSIS

¶ 11                    A. Judgment on the Pleadings and Summary Judgment

¶ 12    Defendants argue the circuit court erred in entering judgment for plaintiff because plaintiff did not demonstrate it was prejudiced by the late notice of suit. Plaintiff argues prejudice is not required under Illinois law. We review judgments on the pleadings and entries of summary judgment *de novo*. *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 385 (2005); *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 13    "Judgment on the pleadings is proper where the pleadings disclose no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. [Citations.] In ruling on a motion for judgment on the pleadings, the court will consider only those facts apparent from the face of the pleadings, matters subject to judicial notice, and judicial admissions in the record." *Gillen*, 215 Ill. 2d at 385; 735 ILCS 5/2-615(e) (West 2024). A motion for judgment on the pleadings "is essentially a motion for summary judgment that is limited to the pleadings." *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 52. "All well-pleaded facts and reasonable inferences therefrom are taken as true." *Id.*

¶ 14    Similarly, "[a] motion for summary judgment will be granted if the pleadings, depositions, affidavits, and admissions on file reveal that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Outboard Marine*, 154 Ill. 2d at 131; 735 ILCS 5/2-1005(c) (West 2024). "On a motion for summary judgment, the [circuit] court has a duty to

construe the record strictly against the movant and liberally in favor of the nonmoving party." *Seymour v. Collins*, 2015 IL 118432, ¶ 42.

¶ 15 Typically, commercial general liability policies provide coverage for tort liability "arising out of business operations" but "not for contractual liability *** for economic loss." Jordan R. Plitt *et al.*, 9A Couch on Insurance § 129:1 (3d ed. 2025); see *Korte & Luitjohan Contractors, Inc. v. Erie Insurance Exchange*, 2022 IL App (5th) 210254, ¶¶ 21-22 (explaining general commercial liability policies cover "fortuitous event[s]" that cause property damage or physical injury to third parties (internal quotation marks omitted)).

¶ 16 The duty to defend is an insurer's obligation to retain legal counsel who will defend the insured in a legal action for a covered liability. See *Xtreme Protection Services, LLC v. Steadfast Insurance Co.*, 2019 IL App (1st) 181501, ¶¶ 18-20. The duty "arises" when the insured is sued and "based on the pleadings, there is a claim that is potentially covered by the insurance agreement." *Waste Management Inc. v. International Surplus Lines Insurance Co.*, 144 Ill. 2d 178, 302 (1991); see *American Family Mutual Insurance Co. v. W.H. McNaughton Builders, Inc.*, 363 Ill. App. 3d 505, 510 (2006) ("[A]n insurer may not justifiably refuse to defend its insured unless it is clear from the face of the complaint that the complaint has failed to allege facts potentially within the insured's policy coverage."); *Zurich Insurance Co. v. Raymark Industries, Inc.*, 118 Ill. 2d 23, 52 (1987) ("[T]he insurer must defend an action even though it *may not* ultimately be obligated to indemnify the insured." (Emphasis in original.)).

¶ 17 In contrast, "[t]he duty to indemnify arises only when the insured becomes legally obligated to pay damages in the underlying action that gives rise to a claim under the policy." (Internal quotation marks omitted.) *Waste Management*, 144 Ill. 2d at 203-04.

¶ 18     Notice provisions in a liability policy are "condition[s] precedent to the triggering of the insurer's contractual duties." (Internal quotation marks omitted.) *AMCO Insurance Co. v. Erie Insurance Exchange*, 2016 IL App (1st) 142660, ¶ 21. Their purpose is to "ensure that the insurer will be able to timely investigate and defend claims against its insured." *Berglind v. Paintball Business Ass'n*, 402 Ill. App. 3d 76, 85 (2010); see *Waste Management*, 144 Ill. 2d at 203 ("[T]he duty to defend *** includes the right to assume control of the litigation. [Citation.] The purpose of such right is to allow insurers to protect their financial interest in the outcome of litigation and to minimize unwarranted liability claims." (Internal quotation marks omitted.)) Without notice, "the insurer may be relieved from its duty to defend and indemnify." (Internal quotation marks omitted.) *AMCO Insurance*, 2016 IL App (1st) 142660, ¶ 21.

¶ 19     Here, there was no genuine issue of material fact because the pleadings showed that defendants did not provide notice until more than 18 months after they obtained a judgment against plaintiff's insured, over three years after they initially filed suit. "[A]n insurer must receive actual notice of a lawsuit before the duty to defend can be triggered." (Internal quotation marks omitted.) *Board of Managers of Roseglen Condominium Ass'n v. Harleysville Lake States Insurance Co.*, 2022 IL App (1st) 210265, ¶ 87 (citing *Cincinnati Cos. v. West American Insurance Co.*, 183 Ill. 2d 317, 329 (1998)); see *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 398 (1993) ("[W]here there is no duty to defend, there will be no duty to indemnify ***.").

¶ 20     This condition applies to third-party beneficiaries. In other words, actual notice is a condition precedent to a judgment creditor's indemnification claim as a third-party beneficiary to the judgment debtor's liability policy. Illinois appellate courts have explained that although, as here, policies require the *insured* to give notice of suit, the "actual notice" requirement is

"independent of any contractual duty by the insured to give notice." *Roseglen Condominium Ass'n*, 2022 IL App (1st) 210265, ¶¶ 85, 91, 93 (explaining judgment creditor should have notified the insurer of its action against the insured, and had the judgment creditor done so, it might have recovered under the policy).

¶ 21    On appeal, defendants do not argue that the circuit court erred in its contractual interpretation or that there was a genuine issue of material fact. Instead, they urge us to apply out-of-state case law. The cases purportedly require liability insurers to show they were prejudiced by the lack of notice before the insurers can deny an indemnity claim due to the lack of notice. Defendants acknowledge they did not raise this argument below. Generally, "[a]n argument not raised in the [circuit] court and presented for the first time on appeal is waived, even in an appeal from a summary judgment." (Internal quotation marks omitted.) *Johnson Press of America, Inc. v. Northern Insurance Co. of New York*, 339 Ill. App. 3d 864, 874 (2003). Defendants note that waiver is a limitation on the parties, not the reviewing court, and they maintain appellate review of their argument is proper because it is a "purely legal question." *Unzicker v. Kraft Food Ingredients Corp.*, 203 Ill. 2d 64, 73 (2002).

¶ 22    Regardless of waiver, Illinois courts have addressed defendants' legal theory. It was applied in *Rice v. AAA Aerostar, Inc.*, 294 Ill. App. 3d 801, 807-08 (1998), *overruled by*, *Country Mutual Insurance Co. v. Livorsi Marine, Inc.*, 222 Ill. 2d 303, 315-17 (2006). Our supreme court rejected that approach: "the *Rice* court's rule—that an insurer attempting to escape liability must show it was prejudiced by a policyholder's delay in giving notice of a lawsuit—was completely unsupported by Illinois precedent and actively contradicted *Simmon*." *Livorsi*, 222 Ill. 2d at 315 (referencing *Simmon v. Iowa Mutual Casualty Co.*, 3 Ill. 2d 318, 322 (1954)). The supreme court

explained prejudice is only "one potential factor" to assess the timeliness of a notice of suit. *Id.* at 313. Other factors "may include the specific language of the policy's notice provision, the insured's sophistication in commerce and insurance matters, the insured's awareness of an event which may trigger insurance coverage, and the insured's diligence in ascertaining whether policy coverage is available." *Id.*

¶ 23    Defendants argue *Livorsi*'s holding is limited to the duty to defend because the duty to indemnify was not at issue in that case. In turn, defendants argue that while Illinois courts are bound by *Livorsi* for the duty to defend, we should apply a prejudice requirement for the duty to indemnify. However, the holding in *Livorsi* did not distinguish between the duties:

> "[W]e hold that the presence or absence of prejudice to the insurer is one factor to consider when determining whether a policyholder has fulfilled any policy condition requiring reasonable notice. We also hold that once it is determined that the insurer did not receive reasonable notice of an occurrence or a lawsuit, the policyholder may not recover under the policy, regardless of whether the lack of reasonable notice prejudiced the insurer." *Livorsi*, 222 Ill. 2d at 317.

Defendants do not cite any analysis from *Livorsi* that differentiates the notice considerations for the duty to defend from the notice considerations for the duty to indemnify, and they cite no other authority that makes such a distinction.

¶ 24    Moreover, even if we adopted that rule, the appeal fails because defendants did not show there was a genuine issue of material fact as to the prejudice to plaintiff. The circuit court's order explained that by the time plaintiff was notified of the suit, it was too late, and the "prejudice is manifest." On appeal, defendants did not cite any evidence in the pleadings, affidavits, or depositions to show a lack of prejudice to plaintiff. For example, in *Livorsi*, the record showed an absence of prejudice where the insurer conceded it would have been conflicted out of assuming the insured's defense even if it had received timely notice. *Id.* at 309. Here, defendants point to no

such facts, and a reviewing court will not "sift through the record" to find a genuine issue of material fact on the prejudice to plaintiff. *Gandy v. Kimbrough*, 406 Ill. App. 3d 867, 875-76 (2010) ((citing Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008)) (affirming a grant of summary judgment where the appellant failed to provide a "cohesive legal argument" for why her legal theory "applied to the instant facts to support her claim")). Without a genuine issue of material fact in this action, the circuit court did not err in entering judgment in plaintiff's favor.

¶ 25                                B. Sanctions

¶ 26    Plaintiff moves to sanction defendants for filing a frivolous appeal under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994). "Rule 375(b) allows [an appellate court] to impose an appropriate sanction upon a party or a party's attorney if an appeal is frivolous or not taken in good faith. [Citation.] An appeal will be deemed frivolous if a reasonable, prudent attorney would not in good faith have brought such an appeal. [Citation.] Imposition of sanctions under Rule 375(b) is left strictly to [the appellate court's] discretion." *Mandigo v. Stolman*, 2019 IL App (2d) 180466, ¶ 22.

¶ 27    We decline to impose sanctions in this case. Rule 375 sanctions are "penal in nature" and "should be applied only to those cases falling strictly within the terms of the rule." *In re Marriage of Sykes*, 231 Ill. App. 3d 940, 949-50 (1992). Although defendants' appeal fails, it does not warrant penalty.

¶ 28                                III. CONCLUSION

¶ 29    The judgment is affirmed.

¶ 30    Affirmed.